**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PATRICIA ANN CARUTHERS,       )
                                  )
              Plaintiff,     )
                                  )
vs.                             )     Case No. 10-2511-WEB-KGG
                                  )
WICHITA SCHOOL DISTRICT,   )
USD 259,                        )
                                  )
             Defendant.    )
_____)

**ORDER ON IFP STATUS,
MOTION FOR APPOINTMENT OF COUNSEL,
AND SUFFICIENCY OF COMPLAINT**

       Plaintiff Patricia Ann Caruthers filed a Motion to Proceed Without Payment of Fees (IFP Application) (Doc. 2, sealed) with a supporting Affidavit of Financial Status (Doc. 3), and a Motion for Appointment of Counsel (Doc. 4).  Having reviewed Plaintiff's submissions, including her Employment Discrimination Complaint (Doc. 1), the Court is prepared to rule on Plaintiff's motions and issue further recommendations.

**I.**      **Application to Proceed *In Forma Pauperis*.**

       Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See **Yellen v. Cooper***, 82 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See **Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 56 years old and separated.  (Doc. 3, sealed, at 1.)  She lists 2 dependents, but both are over 18 years of age.  (*Id*., at 2.)  She is currently unemployed.  (*Id*., at 2-3.)  Although she lists no previous employment in her affidavit, her Complaint indicates she was previously employed by Defendant Daimler Chrysler.  (*See generally*, Doc. 1.)  She also provides no information regarding her husband's employment.  (Doc. 3, sealed, at 3.)  While the Court acknowledges Plaintiff is separated, this would also mean she remains legally married.  As such the information relating to her husband is relevant to the Court's analysis.  (*Id*.)  She has not received unemployment

benefits during the past 12 months, but does receive child support as well as Social Security benefits. (*Id*., at 4-5.) She lists a no cash on hand or savings accounts. (*Id*., at 4-5.)

Plaintiff and her estranged spouse do not own an automobile or real estate. (*Id*., at 3-4.) She pays a reasonable monthly amount in rent. (*Id*., at 5.) She also lists typical for monthly obligations and other debts, such as utilities, groceries, phone. (*Id*., at 5.) She also lists a federal tax lien. (*Id*.) She has filed bankruptcy in the past.

Although certain required information is missing from Plaintiff's financial affidavit, what has been provided indicates that her monthly income is exceeded by her reasonable monthly expenses. The Court has certain concerns considering Plaintiff does not explain how she is able to meet this monetary shortfall. Even so, the Court finds that her access to the courts would be impaired if she was required to pay the usual filing fee and **GRANTS** her motion to proceed *IFP*.

## II.    Sufficiency of the Complaint.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires

dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

Here, Plaintiff is not a prisoner as defined in 28 U.S.C. § 1915(h). However, courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Court will therefore apply the screening procedure outlined in § 1915(e)(2).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). However, the Court will not assume the role of advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." *Fisher*, 531 F. Supp.2d at 1260 (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   In other words, factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that a plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the

action be dismissed.

In filing the present case, Plaintiff completed the Employment Discrimination Complaint form provided by the Clerk of the Court, naming her former employer Daimler Chrysler as the Defendant and claiming discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the American with Disabilities Act of 1990 (*See* Doc. 1, at 1.) She also indicates that she was the victim of retaliation. (*Id*., at 2.) According to her Complaint, she filed administrative charges of discrimination with the EEOC on June 21, 2010, and the KHRC on September 21, 2010. Although Plaintiff states she received a right-to-sue letter, she does not affix it to her Complaint as instructed in the form. (*See* Doc. 1, at 2.) Further, the Court notes that Plaintiff's Complaint was filed on September 21, 2010 – the same day she alleges to have filed her KHRC charge and only 3 months after filing her EEOC charge. (*See Id*.)

It is well settled that a plaintiff must exhaust her administrative remedies before bringing a discrimination suit under Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act. ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of an administrative charge of discrimination with an agency such as the EEOC or KHRC – and

receiving a right-to-sue letter – is a prerequisite to a court's jurisdiction to hear a discrimination claim. ***Jones v. Runyon***, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996); ***Shikles v. Sprint/United Management Co.,*** 426 F.3d 1304, 1317 (10th cir. 2005).

In Kansas, a plaintiff must file an EEOC charge within 300 days after the alleged unlawful conduct occurs. *See* 42 U.S.C. § 2000e-5(e). *See also **National R.R. Passenger Corp. v. Morgan***, 536 U.S. 101, 109, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). The "failure to exhaust administrative remedies is a bar to subject matter jurisdiction . . ." ***McBride v. Citgo Petroleum Corp***., 281 F.3d 1099, 1106 (10th Cir. 2002); *see also **Campbell v. Meredith Corp***., 260 F.Supp.2d 1087, 1100 (D.Kan. 2003) (citation omitted).[2] In her Complaint, Plaintiff does not state when her employment was wrongfully terminated, when the discrimination and harassment is alleged to have occurred, or when she was retaliated against. (Doc. 1, at 3.)

The Court will not rely on an assumption to determine whether or not

---

[2] In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the statute of limitations or lack of jurisdiction, *sua sponte* only under circumstances in which it is "'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" ***Fratus v. Deland***, 49 F.3d 673, 675 (10th Cir. 1995) (quoting ***Yellen v. Cooper***, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also **Trujillo v. Williams***, 465 F.3d 1210, 1216-17 (10th Cir. 2006); ***Fogle v. Pierson***, 435 F.3d 1252, 1258 (10th Cir. 2006).

Defendant's complained of actions occurred within 300 days of Plaintiff's administrative charges. Thus, absent a copy of the right-to-sue letter, the Court cannot determine whether Plaintiff timely filed her charges or if she has, in fact, received such a letter from either administrative agency, creating serious concerns regarding the jurisdictional viability of Plaintiff's Complaint.

In addition, there are serious issues with Plaintiff's Complaint as a result of the dearth of factual allegations setting forth her claims. Even assuming Plaintiff *has* received a right-to-sue letter, this merely evidences the conclusion of the EEOC and KHRC administrative process. It does not, standing alone, provide sufficient grounds for a lawsuit.

Although instructed in her form Complaint to give a brief and clear statement of the essential facts of her claim (which is to include a specific description of allegedly discriminatory conduct with a description of "how each defendant is involved in the conduct"), the information provided by Plaintiff focuses on her union grievance process and filing of a sexual harassment claim. (*Id*., at 3.) Plaintiff provides little specific information relating to the who, what, where, when of her claims.

For instance, Plaintiff does not state when the discrimination or harassment is alleged to have occurred, who allegedly perpetrated the discrimination or

harassment, or where it is alleged to have taken place. Further, she does not even indicate what her alleged disability is to have been. Although the form Complaint clearly leaves a blank for Plaintiff to identify her disability (or perceived disability), Plaintiff writes only "total permanent disability." (*Id.*)

In addition, the only date Plaintiff provides is to state that in February 2005, she returned to Florida to start work for Defendant but was never rehired. (*Id.*) With this as the only temporal context provided, the Court has serious misgivings as to whether Plaintiff timely filed her charges of discrimination with the EEOC and KHRC, which would provide another jurisdictional obstacle to the viability of Plaintiff's claims.

Further, Plaintiff has failed to allege any facts to support claims that she was harassed and/or that her termination was unlawfully discriminatory. Her conclusory and self-serving statements that she was discriminated against and harassed do not provide Defendant with sufficient notice of the claims asserted so that it can provide an appropriate answer.

In summary, Plaintiff's filings are virtually devoid of any substantive factual description regarding the discrimination and retaliation she allegedly suffered. There is no reference to the individuals (either by name or job title) who may have perpetrated the alleged discrimination and harassment, or the manner and

circumstances under which the discrimination, harassment, and retaliation are alleged to have occurred.   There is no reference as to when the alleged discrimination, harassment, and/or retaliation may have occurred.  Plaintiff does not even identify her alleged disability (or perceived disability).  Finally, as discussed above, there are serious concerns regarding jurisdictional issues relating to Plaintiff's administrative charges.

Simply stated, Plaintiff has not pled any facts whatsoever that could conceivably provide Defendant with sufficient notice of the claims asserted against it in order to allow it to draft an appropriate answer.  *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by *in forma pauperis* plaintiffs.  Given that Plaintiff provides only the most vague description of the alleged facts supporting her claims against Defendant, there is simply not enough information in Plaintiff's filings to allow the Court to determine whether the claims are frivolous.  Regardless of whether Plaintiff believes hers termination was *fair*, she has failed to provide a sufficient factual basis for the Court to determine that her firing was *illegal*.

Plaintiff is, therefore, ORDERED to file an Amended Complaint that will clarify the details of her claims so as to put Defendant on notice of its alleged

wrongful conduct, as well as to provide the Court with sufficient detail to ensure her claims are not frivolous.  In so doing, Plaintiff should attempt to describe approximately when, where, and how the Defendant and/or its representatives or employees were discriminatory, harassing, and/or retaliatory.  To the extent possible, Plaintiff is also directed to identify the individuals who perpetrated the alleged discrimination and harassment.  She is also instructed to identify her alleged disability (or perceived disability).  Further, she is instructed to describe for the Court the manner in which she believes she was discriminated against as a result of her age.  (*See* Doc. 1, at 3.)  Finally, she is instructed to provide more specific detail regarding the filing of her administrative charges of discrimination and include a copy of any right-to-sue letter she received from the EEOC and/or KHRC as required by the form Complaint.

Plaintiff's Amended Complaint shall be filed on or before **November 30, 2010**.  If Plaintiff fails to file an Amended Complaint by this date, it may result in a recommendation to the District Court that this case be immediately dismissed.

## III.    **Motion for Appointment of Counsel**.

Plaintiff also has filed an Application for the Appointment of Counsel. (Doc. 3).  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's

ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section I, the Court finds that Plaintiff's financial standing would not allow her to afford counsel, satisfying the first *Castner* factor. Based on the information in her motion to appoint, it would also appear that she has been diligent in her search for counsel, establishing the second. (Doc. 4.) As discussed in Section II, however, the Court has serious concerns regarding the merits of Plaintiff's case, the third *Castner* factor. Considering the Court's instructions to Plaintiff to file an Amended Complaint, the Court will not focus on this factor.

The analysis thus turns on the final factor – Plaintiff's ability to represent herself. *Id.*, at 1420-21. In considering this factor, the Court must look to the

complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown her ability to represent herself by drafting her agency charge of discrimination and federal court Complaint. While the Complaint lacked the requisite factual specifics, the Court finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case. Although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

As such, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these proceedings should Plaintiff provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff be given until **November 30, 2010,** within which to file an Amended Complaint addressing each of the deficiencies outlined in this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file such an Amended Complaint within the time provided, or if the Amended Complaint does not rectify the deficiencies set out in this Order, the Court will immediately recommend that this case be DISMISSED pursuant to 28 U.S.C. §1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**, without prejudice, as discussed above.

**IT IS FURTHER ORDERED** that no summons shall issue in this case until further order of the Court after Plaintiff has filed an Amended Complaint.

Dated at Wichita, Kansas, on this 18th day of October, 2010.

      s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge