# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA ANN CARUTHERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAIMLER CHRYSLER CORPORATION, )<br>)<br>Defendant. )<br>_____) | Case No. 10-2511-WEB-KGG |

## REPORT & RECOMMENDATION
## ON SUFFICIENCY OF COMPLAINT

In conjunction with her initial Complaint (Doc. 1), Plaintiff Patricia Ann Caruthers filed a Motion to Proceed Without Payment of Fees (IFP Application) (Doc. 2, sealed) with a supporting Affidavit of Financial Status (Doc. 3), and a Motion for Appointment of Counsel (Doc. 4). While granting her IFP application and denying her request for counsel, the Court found that Plaintiff's initial Complaint provided only the most vague description of the alleged facts supporting her claims against Defendant. (*See* Doc. 6.) The Court held that "there is simply not enough information in Plaintiff's filings to allow the Court to determine whether the claims are frivolous." (*Id*., at 11.)

Plaintiff was instructed to supplement her Complaint to clarify the details of her claims so as to put Defendant on notice of its alleged wrongful conduct, as well

as to provide the Court with sufficient detail to ensure her claims are not frivolous. She was told to describe approximately when, where, and how the Defendant and/or its representatives or employees were discriminatory, harassing, and/or retaliatory. She was also directed to identify the individuals who perpetrated the alleged discrimination and harassment, to identify her alleged disability (or perceived disability), and to describe for the Court the manner in which she believes she was discriminated against as a result of her age. Finally, Plaintiff was to provide more specific detail regarding the filing of her administrative charges of discrimination and include a copy of any right-to-sue letter she received from the EEOC and/or KHRC as required by the form Complaint. (*See* Doc. 6, at 12.)

Plaintiff filed her Amended Complaint in a timely manner. (Doc. 7.) Having reviewed the same, the Court hereby **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims for lack of jurisdiction.

## DISCUSSION

In cases in which a plaintiff is proceeding *pro se*, the plaintiff's pleadings are reviewed liberally. **Northington v. Jackson**, 973 F.2d 1518, 1520-21 (10th Cir.1992). Even so, a court has a duty to review the *pro se* plaintiff's complaint for frivolousness. 28 U.S.C. § 1915(e)(2). The review of the pleading must ensure a proper balance between these competing interests. *Id*.

This section of the United States Code requires dismissal of a case filed under this section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). The term "frivolous" is defined as an "inarguable legal conclusion" or "fanciful factual allegation." **Neitzke v. Williams**, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

Here, Plaintiff is not a prisoner as defined in 28 U.S.C. § 1915(h). However, courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997). The Court will therefore apply the screening procedure outlined in § 1915(e)(2).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a

plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). As stated above, the Court will also liberally construe the pleadings of a *pro se* plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). However, the Court will not assume the role of advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

Even construing the pleading liberally, the complaint at issue "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167

L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (emphasis added) (citing ***Twombly***, 127 S.Ct. at 1974). In other words, factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a complaint and construing the allegations liberally, if the Court finds that a plaintiff has failed to state a claim upon which

relief may be granted, the Court is compelled to recommend that the action be dismissed.

In filing the present case, Plaintiff initially completed the Employment Discrimination Complaint form provided by the Clerk of the Court, naming her former employer Daimler Chrysler as the Defendant and claiming discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the American with Disabilities Act of 1990 (*See* Doc. 1, at 1.) She also indicated that she was the victim of retaliation. (*Id*., at 2.) According to her Complaint, she filed administrative charges of discrimination with the EEOC on June 21, 2010, and the KHRC on September 21, 2010. Because she did not affix the right-to-sue letter(s) to her Complaint, Plaintiff was instructed to do so, which she has now done. (Doc. 7, at 18, 38.)

It is well-settled that a plaintiff must exhaust her administrative remedies before bringing a discrimination suit under Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act. ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of an administrative charge of discrimination with an agency such as the EEOC or KHRC – and receiving a right-to-sue letter – is a prerequisite to a court's jurisdiction to hear a discrimination claim. ***Jones v. Runyon***, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir.

1996); ***Shikles v. Sprint/United Management Co.,*** 426 F.3d 1304, 1317 (10th cir. 2005).

In Kansas, a plaintiff must file an EEOC charge within 300 days after the alleged unlawful conduct occurs. *See* 42 U.S.C. § 2000e-5(e). *See also **National R.R. Passenger Corp. v. Morgan***, 536 U.S. 101, 109, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). The "failure to exhaust administrative remedies is a bar to subject matter jurisdiction . . ." ***McBride v. Citgo Petroleum Corp.***, 281 F.3d 1099, 1106 (10th Cir. 2002); *see also **Campbell v. Meredith Corp.***, 260 F.Supp.2d 1087, 1100 (D.Kan. 2003) (citation omitted).[1] In her initial Complaint, Plaintiff did not state when her employment was wrongfully terminated, when the discrimination and harassment is alleged to have occurred, or when she was retaliated against. (Doc. 1, at 3.)

Plaintiff's supplemental Complaint consists of 78 pages, including her administrative filings, correspondence from the EEOC and/or KHRC, and her hand-written time-line of the alleged wrongful acts of her employer. (*See* Doc. 7.)

---

[1] In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the statute of limitations or lack of jurisdiction, *sua sponte* only under circumstances in which it is "'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" ***Fratus v. Deland***, 49 F.3d 673, 675 (10th Cir. 1995) (quoting ***Yellen v. Cooper***, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also **Trujillo v. Williams***, 465 F.3d 1210, 1216-17 (10th Cir. 2006); ***Fogle v. Pierson***, 435 F.3d 1252, 1258 (10th Cir. 2006).

Unfortunately for Plaintiff, despite the now-abundant factual support for her claims, it has become patently clear to the Court that her claims were not raised in a timely fashion. The vast majority of the factual allegations contained in her hand-written notes occurred from 1997 to 2000. (Doc. 7, at 1-3, 9.) In fact, only one allegation is alleged to have occurred during the past decade – and that was simply a telephone call to the president of her local United Auto Workers Union. (Doc. 7, at 2.) There is nothing about this telephone call that would make her decade-old allegations regarding Defendant Daimler Chrysler timely or viable.

Plaintiff's administrative charge of discrimination to the EEOC includes reference to events that occurred in 2004 – when she was allegedly "discharged for not reporting back to work while on medical leave." (*Id*., at 12, 20, 22.) Her KHRC filings also include events occurring in 2004. (*Id*., at 39-40.) In addition, the other records she submitted as part of her supplemental Complaint indicate she filed a worker's compensation claim in 2004 and was found to be disabled by the Social Security Administration in 2003. (*Id*., at 57, 65.) While more recent than her other allegations, these events were six to seven years old – and more than 5 years past the relevant deadline for filing – at the time Plaintiff filed her EEOC charge. Further, Plaintiff was specifically informed by the EEOC that her charge was not timely filed and that she "waited too long after the date(s) of the alleged

discrimination to file [her] charge." (*Id.*, at 10, 18.)

Considering all of the information provided by Plaintiff, the Court finds that Plaintiff's administrative charges of discrimination were not filed with the EEOC and/or KHRC in a timely manner. This failure to timely exhaust her administrative remedies is a bar to this Court's subject matter jurisdiction over her claims. ***E.E.O.C. v. Albertson's LLC***, 579 F.Supp.2d 1342, 1345 (D. Colo. 2008); ***Parker v. Unified Government of Wyandotte County***, No. 10-3044, 2010 WL 4846058, at *1 (10th Cir. Nov. 30, 2010). As such, this Court **RECOMMENDS** that Plaintiff's claims be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. A copy of this Recommendation shall be sent to Plaintiff *via certified mail.* Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the

recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 20th day of January, 2011.

                                         S/ KENNETH G. GALE
                                         KENNETH G. GALE
                                         United States Magistrate Judge