IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

PATRICIA ANN CARUTHERS,          )
                                 )
                    Plaintiff,   )
                                 )
          v.                     )          Case No. 10-2511-WEB
                                 )
DAIMLER CHRYSLER CORPORATION,  )
                                 )
                    Defendant.          )

MEMORANDUM AND ORDER

Plaintiff filed a complaint alleging claims of discrimination in violation of Title VII of

the Civil Rights Act of 1964, discrimination based on age, discrimination based on the American

with Disabilities Act, and retaliation. After initially considering her complaint, Magistrate Judge

Gale issued a Report and Recommendation (Doc. 9), finding that the actions upon which the

claims are based occurred more than 10 years ago, and that plaintiff did not timely file her

administrative complaint. Judge Gale recommends the court dismiss plaintiff's complaint.

The 300 day filing requirement for Title VII claims also applies to ADEA claims. Oscar

Mayer & Co. V. Evans, 441 S.C. 750, 756, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In National

Railroad Passenger Corp. V. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the

Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or

retaliatory acts must file his charge within the appropriate time period - 180 or 300 days - set

forth in 42 U.S.C. § 2000e-5(e)(1)." Id. at 121. This rule applies to bar a plaintiff from suing on

claims for which no administrative remedy was sought when the actions occurred more than 300

days before the filing of the plaintiff's administrative complaint. Id. at 114.

The Supreme Court held that timely filing a complaint before the EEOC was not

jurisdictionally required to maintain suit in the district court. Zipes v. Trans World Airlines,

Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).  The Tenth Circuit held that the requirement of an EEOC filing, as opposed to a timely filing of an EEOC complaint, remains a jurisdictional requirement.  Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993).  The filing period is subject to waiver, estoppel, and equitable tolling when equity requires.  Zipes, 455 U.S. 398.  Failure to exhaust administrative charges or failure to file administrative charges  is a jurisdictional requirement.  Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996).  The plaintiff in this case filed her administrative charge with the EEOC, therefore she has met the jurisdictional requirement.  The issue before the court is whether plaintiff's failure to timely exhaust administrative remedies bars her claims or whether her claims are subject to equitable tolling.

Equitable tolling applies when an employee has been "lulled into inaction by a past employer, state or federal agency, or the courts."  Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994).  Time limits in Title VII cases are tolled only if there has been "active deception" of the claimant.  Scheerer v. Rose State College, 950 F.2d 661, 665 (10th Cir. 1991), *cert denied*, 505 U.S. 1205 (1992).  In Biester v. Midwest Health Services, Inc., 77 F.3d 1264 (10th Cir. 1996), the court found that if the plaintiff is mentally capable of pursuing a claim, then there is no basis for tolling.  Id. at 1268.

Plaintiff filed a lengthy complaint and objection to the report and recommendation.  Form the time of the alleged discriminatory acts, to the time the plaintiff filed her EEOC complaint, plaintiff fled for disability benefits, she was a mother, and she was able to make phone calls and complete paperwork.  Plaintiff has not alleged any facts that would show she was incapacitated or unable to file a charge with the EEOC.  Plaintiff alleges that she was not allowed to file with the EEOC until she completed the grievance process with the Union.  However, a review of the

records provided by the plaintiff do not show anything dated after 2004 referencing her grievance with the Union or with Daimler Chrysler Corporation. Furthermore, plaintiff has not alleged any facts that she was "lulled into inaction" by the Corporation, an agency, or the courts.

Plaintiff has not alleged any facts for the court to find that she was incapacitated or that she was misled. Plaintiff did not file her administrative charge within the 300 day time period. Equitable tolling is not available to the plaintiff. The plaintiff's claims are barred.

IT IS ORDERED, for the reasons set forth in this order and in Judge Gale's Report and Recommendation, that plaintiff's claims be dismissed.

IT IS SO ORDERED this 9th day of March, 2011.


  s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge